Derbigny, J.
delivered the opinion of the court. This is a suit brought by a vendor to obtain the rescission of a sale, on account of the non-performance of the engagements entered into by the vendee.
The record comes up with a full statement of the facts, so as to enable this court to pronounce on the merits. But it is first alleged by the defendant and appellant, that he has been wrongfully deprived of a trial by jury, and that the case ought to be remanded to be thus tried. In support of this, he produces a bill of exceptions from which it appears that the appellant having first filed a plea in abatement, instead of a full an- *170 answer, and the plea having been overruled, he obtained leave to answer on condition that his answer should not be such as to delay the trial of the cause—that he then filed an answer on the merits, and therein prayed for a trial by jury, but that the jury, who, according to the rules of the court of the second district, is impannelled at the beginning of each term, for the trial of all causes, having been dismissed previous to that application, the court would not suffer the cause to be continued until the next term, but urged the defendant into a trial, without the benefit of a jury.
Before examining the question arising on this bill of exceptions, viz. how far the district judge was correct in permitting the defendant to answer on the merits, after his plea in abatement had been overruled, and denying him, at the same time, the right of a trial by jury, this court thought it necessary to ascertain whether any and what advantage the appellant could derive from being sent back to be tried by a jury; for, if upon due consideration, it appeared that the decision of the case could receive no possible alteration from this different mode of trial, and that the facts, such as they are now spread before us, were to return invariably the same, we should have deemed it our duty *171 to have disregarded the exception of the appellant and to decide on the merits of the cause. This would have been undoubtedly the proper course, if the facts had been recognised and settled by the parties: but here the judge has himself found the facts, and made a statement of them, according to his own judgment. Would a jury, called upon to give a special verdict, inevitably have found the same facts. This is by no means certain. If, therefore, it was the right of a defendant to have his case tried by a jury, he must be allowed to enjoy it.
But, it is said that the appellant, by the manner in which he conducted his defence, has forfeited that right. In support of this position, the act regulating the practice of the then superior court of the territory, and now that of the district court of the state, is relied on as containing a provision, which virtually abolishes the practice of pleading in abatement, previous to the filing of the answer on the merits, because it requires the defendant to file his answer within a certain delay, and therein “to answer, without evasion, every material fact in the plaintiff’s petition.” It is hence inferred, that the defendant, aware of this and knowing that, by the rules of the courts of the second district, a jury was to be impannelled, in the *172 beginning of the term for the trial of all causes, purposedly avoided to answer on the merits, in order that before his plea in abatement should be disposed of, the jury of the term might be dismissed, and that he then would by praying for a trial by jury, obtain a continuance of the cause until the next term. It is not very obvious that the defendant should wish for delay, in a case wherein his property was seized and placed in the custody of the sheriff: but, supposing that to have been its object, when he filed his plea in abatement, it does by no means follow, that he thereby forfeited his right to a trial by jury.
Dilatory pleas, by the laws of the late government of the country, were presented and disposed of, before the answer on the merits was filed. It is the opinion of this court, that the act above alluded to impliedly abolished that practice, by requiring the defendant to answer, within a certain delay, every material fact stated in the plaintiff’s petition—and that from thence it became the duty of defendants to file, within that delay, their allegations on the merits of the case, and at the same time such exceptions as they might wish to avail themselves of. But, this had never been settled by any positive decision, and the district judge seems to have considered the plea as regularly filed, since he acted *173 upon it, heard it argued and decided on its merits. At any rate, the situation of the defendant, after the admission and disposal of his plea, could not be worse than if he had not answered at all. When no answer has been filed, within the fixed delay, it is discretionary with the judge to allow the defendant further time to file it: but, in the exercise of that discretion, he certainly can do nothing else than granting or refusing it: he can impose no conditions on the defendant that with deprive him of rights secured to him by law. If the judge thought that the plea of the defendant was no legal answer, he might, on the motion of the plaintiff, have granted a judgment by default, but when he permitted the defendant to answer on the merits, he assimilated him to a defendant, who has obtained further time, and who is during that further time, in the situation in which he was, before the delay fixed by law had expired.
Although this court is aware of the inconvenience and loss which must be the result of the delay, in a suit of this nature, the remanding of this cause to a trial by jury is inevitable.
It is, therefore, ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed, and that the cause be remanded for a trial by jury.